LAKE & RISLEY COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. LEMUEL STILL, BUILDER; EDWARD L. GALLOWAY AND LOUISE H. GALLOWAY, OWNERS, DEFENDANTS-APPELLEES.

Decided January 4. 1929.

48

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Carlton Godfrey* and *William R. Garrison.*

For the appellees, *Cole & Cole.*

PER CURIAM.

From the state of the case, as settled by the court, it appears that the defendants Edward L. Galloway and Louise H. Galloway were the owners of premises known as No. 407 North Ohio avenue, Atlantic City, New Jersey, being the premises upon which the lien is claimed, and consists of a two-story frame dwelling house about twenty-five feet in width and about fifty feet in depth; that said defendant engaged the defendant Lemuel M. Still, as builder, to make certain improvements to said building, that the general nature of said improvements is as follows: Two rooms were added on the front of said premises; on the ground floor a store about ten feet by sixteen feet built of cement block; on the second floor a sun parlor ten feet by sixteen feet; that the changes to the building were made "out in front" and "up" as expressed by the witnesses; that the lateral side lines of the building were not disturbed and remained unchanged; that the lateral frontage of the building remained unchanged, and that the improvement was not a lateral addition."

This being the state of the proof, counsel of defendants moved to dismiss the lien and complaint, as to Edward L. Galloway and Louise H. Galloway, owners, on the ground that these changes and improvements were in law, alterations and repairs and not additions.

The trial judge granted the motion as to the defendants named, relying on *Updike* v. *Skillman,* 27 *N. J. L.* 131.

In the case cited, Chief Justice Green (at *p.* 132) says: "An addition erected to a former building, to constitute a building within the meaning of the Mechanics' Lien law

(*Nix. Dig.* 487, ¶ 5) must be a lateral addition. It must occupy ground without the limits of the building to which it constitutes an addition, so that the lien shall be upon the building formed by the addition, and the land upon which it stands."

"An alteration in a former building by adding to it heighth or to its depth or to the extent of its interior accommodations is an *alteration,* merely, and not an *addition,* within the contemplation of the act."

Testing the undisputed facts of this case by the decision in *Updike* v. *Skillman, supra,* the conclusion is inescapable that the nature of the work did not constitute an addition. The case cited is controlling.

Judgment is affirmed, with costs.